UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1741-WTL-DKL |
| ) | |
| JOHN STUDY, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Removal and Directing Remand**

For the reasons explained in this Entry, the action must be remanded to the Boone Superior Court.

**Background**

John Study is facing a variety of charges in Boone County in No. 6D01-0710-FB-115 ("the prosecution"). Study was arraigned on the first portion of these charges on August 3, 2012, and arraigned on additional charges on August 24, 2012.

Study has attempted to remove the prosecution to this court in removal notices filed on November 26, 2012, although it is also noted that these notices had previously been filed in No. 1:12-cv-29-RLY-DKL The notices of removal filed in No. 1:12-cv-29-RLY-DKL on October 16, 2012, and on October 31, 2012--were ordered to be processed as a new action in the Entry issued by Chief Judge Young on November 26, 2012.

**Applicable Law**

Pursuant to 28 U.S.C. § 1455(a), a criminal prosecution commenced in a state court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending by filing a notice of removal signed pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, along with a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. A notice of removal of a criminal prosecution shall include all grounds for such removal. *See id.* § 1455(b)(2). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *See id.* § 1455(b)(4).

Pursuant to 28 U.S.C. § 1443, a criminal action commenced in a State court may be removed by a defendant to the district court if it is an action:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

For removal to be proper under 28 U.S.C. § 1443(1), a defendant must show that (1) the right denied arises under federal law providing for specific civil rights stated in terms of racial equality, and (2) the state courts will deny or not enforce those specified federal rights. *See Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). "In upholding the constitutionality of the removal statute, the Supreme Court made it clear that that act was merely one legitimate way for Congress to ensure the effectiveness of the substantive provisions of the civil rights laws." *Rachel v. Georgia,* 342 F.2d 336, 342 (5th Cir. 1965) (citing *Strauder v. West Virginia,* 100 U.S. 303, 310–12 (1880)).

A case may be removed under § 1443(1) only if a petitioner is deprived of a right secured by a federal law that specifically deals with racial equality. *State of Indiana v. Haws,* 131 F.3d 1205, 1209 (7th Cir. 1997). "Basically, the purpose of § 1443 is to protect defendants from groundless state charges based on race, assuming that a federal court will be more protective of federally guaranteed equal rights." *People of Illinois ex rel. Madigan v. Tarkowski,* 2009 WL 77671, *2 (N.D.Ill. Jan.9, 2009) (Coar, J.), *citing J.O. v. Alton Community Unit School Dist.11,* 909 F.2d 267, 270 n.2 (7th Cir. 1990); *see also Cook County State's Attorney ex rel. Devine v. Tyler,* No. 07 C 1393, 2007 WL 1232082, *2 (N.D.Ill. Apr. 24, 2007) (Moran, J.). The removing party bears the burden of demonstrating removal was proper. *Schur v. L.A. Weight Loss Centers, Inc*. 577 F.3d. 752, 758 (7th Cir. 2009).

In other words, proper removal under Section 1443(1) requires "the petitioner [to] show that he cannot enforce the federal right due to some formal expression of state law." *Haws,* 131 F.3d at 1209. On the other hand, "[i]f the state's tribunal is competent to resolve the federal defense, then the litigation must continue in that forum." *Bethune Plaza,* 863 F.3d at 529. It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219–20. "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a *pervasive and explicit state or federal law* that those rights will inevitably be denied." *Greenwood,* 384 U.S. at 828 (emphasis added).

**Discussion**

Each of the removal notices filed by Study supplies as a rationale for the removal that in the course of the prosecution Study anticipates the disclosure of classified information and also believes that such disclosure could injure the United States. This anticipated disclosure is linked to the State of Indiana's notice that it intends to use Rule 404(b) evidence. This rationale does not remotely fit within either of the subsections of § 1443. This rationale does not justify removal under the statute, and the court cannot apply the removal statute beyond the manner in which it is written.

The removal statute on which Study relies, § 1443(1) is applicable only in a very narrow set of circumstances. *Greenwood,* 384 U.S. at 828–29. Because Study has failed to show that his case fits into those circumstances, he cannot proceed with his attempted removal under the interpretation of § 1443(1) allowing for removal upon a prediction that the state court would violate his civil rights. *Application of County Collector of County of Winnebago, Ill.,* 96 F.3d 890, 895 (7th Cir. 1996)("Removal jurisdiction is . . . completely statutory, and [the court] cannot construe jurisdictional statutes any broader than their language will bear.")(citing *Cook v. Weber,* 698 F.2d 907, 909 (7th Cir. 1983)).

Section 1443(s) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal rights." *Application of County Collector of Winnebago, Ill.,* 96 F.3d at 897. Study is not a federal officer or agent, and cannot rely on this statute to support removal of the prosecution. *Will Cnty. v. Johnson*, 2010 WL 780385 (N.D.Ill. Mar. 4, 2010).

In addition, the notice of removal would appear to be untimely. Section 1446(c)(1) provides, "A notice of removal of a criminal prosecution shall be filed not later than thirty days

after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ." Most importantly, however, Study has identified no cognizable basis for removal. In the absence of any allegation of race discrimination, or the inability of the defendant to assert his rights under state law, this court has no jurisdiction to take over the prosecution. *See Johnson,* 421 U.S. at 219–22.

## Conclusion

The statute states that the "district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). That is the situation here. Pending motions [dkt 24 and 27] are denied.

A separate order consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/30/2013

*[Signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

John O. Study
Boone County Jail
1905 Indianapolis Ave.
Lebanon, IN  46052

Electronically Registered Counsel