# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1741-WTL-DKL |
| ) | |
| JOHN STUDY, ) | |
| ) | |
| Defendant. ) | |

### Entry Concerning Selected Matters

This action was remanded to the Boone Superior Court on April 29, 2013. Since that time, the defendant has filed various motions, each of which is resolved in this Entry as follows;

1. The motion for Reconsideration (Emergency) [33] is **denied.** *See Patel v. Gonzales* 442 F.3d 1011, 1015-16 (7th Cir. 2006) ("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

2. The motion for Disqualification/Recusal (Emergency) [34] is **denied.** The reason for this ruling is that the motion is both untimely and without substance. Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an

extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)). The defendant's dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. *See United States v. Grinnell Corp.,* 384 U. S. 563, 583 (1966) ("alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case"). The defendant's suggestion otherwise is both frivolous and contrived.

3. The motion to Compel Production of Documents (Emergency) [36] and the motion for Evidentiary Hearing (Emergency) [35] are each **denied** because the defendant cannot sensibly challenge the trial court's jury verdict in this forum after the action has been remanded. Once sentenced, he will have the full range of appellate and post-conviction remedies prescribed under Indiana law.

IT IS SO ORDERED.

Date:  05/17/2013

Distribution:

John O. Study
Boone County Jail
1905 Indianapolis Ave.
Lebanon, IN  46052

Electronically Registered Counsel

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana